LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HARTFORD FIRE INSURANCE COMPANY
a/s/o PDM International, LLC,                                    **ECF CASE**

                                        Plaintiff,              07 Civ. 11607 (DLC)

            -against-

MEDITERRANEAN SHIPPING COMPANY S.A.,           <u>**ANSWER**</u>

                                        Defendant.
------------------------------------------------------------------X

            Defendant MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), by its attorneys,

LYONS & FLOOD, LLP, for its Answer to Plaintiff's Complaint, alleges upon information and

belief as follows:

            1.          Admits that this is an admiralty and maritime claim within the meaning of Rule

9(h) with respect to the carriage of the subject cargo by sea, but except as so specifically

admitted herein, denies the remaining allegations of paragraph 1 of the Complaint.

            2.          Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Complaint.

            3.          Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the Complaint.

            4.          Admits that Defendant MSC is a corporation organized and existing under the

laws of a foreign state with an office and place of business c/o Mediterranean Shipping Company

USA, Inc., 420 Fifth Avenue, New York, New York 10018, and was a common carrier by water

for hire, operating the M/V MSC YOKOHAMA in the common carriage of merchandise by water for hire between, among others, the ports of Callao, Peru and New York, but except as so specifically admitted herein, denies the remaining allegations of paragraph 4 of the Complaint.

5.      Admits that Defendant MSC contracted for the carriage of a shipment of 1,580 cartons of frozen asparagus ("subject shipment") from Callao, Peru to Hart, Michigan, via the Port of New York aboard the M/V MSC YOKOHAMA, for delivery to the consignee PDM International, LLC, and admits that MSC issued bill of lading MSCUPO285964 dated November 25, 2006, but except as so specifically admitted herein, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint.

6.      Denies, as worded, the allegations contained in Paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies Plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

9.      The Complaint fails to state a cause of action upon which relief can be granted against answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

10.      The Plaintiff is not the real party in interest and is not entitled to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

11.      Plaintiff lacks standing to assert this claim.

## FOURTH AFFIRMATIVE DEFENSE

12.    Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third-parties and not by MSC.

## FIFTH AFFIRMATIVE DEFENSE

13.    The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading and applicable tariffs by which the shipper, owner and consignee agreed to be bound, and was also subject to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.* ("COGSA"), and/or the Harter Act, 46 U.S.C. § 190, *et seq.* and/or any other federal, state, or foreign laws and MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein, including all of the terms contained in MSC's bill of lading.

## SIXTH AFFIRMATIVE DEFENSE

14.    The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If Plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per package or customary freight unit, in accordance with the governing tariff and bill of lading, and as set forth in COGSA and/or the Harter Act.

## SEVENTH AFFIRMATIVE DEFENSE

15.    Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments.

Any loss or injury or damage alleged to have been suffered by the shipment was due to neglect, an act or omission, breach of express and implied warranties, breach of bailment or breach of contract on the part of the Plaintiff, shipper, their agents or employees, or due to a cause or causes for which MSC is not liable or responsible by virtue of the provisions of COGSA, the Harter Act, or provisions of the applicable bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

## EIGHTH AFFIRMATIVE DEFENSE

16.     If any loss or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss or damage was caused by or contributed to by the Plaintiff or third-parties, and not by MSC.

## NINTH AFFIRMATIVE DEFENSE

17.     Plaintiff has failed to properly and fully mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

18.     Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

WHEREFORE, Defendant MSC prays:

a.      that Plaintiff's prayer for relief be denied;

b.      that judgment be entered in favor of Defendant against Plaintiff, dismissing the Complaint herein with costs and disbursements of this action; and

c.      that judgment be entered in favor of Defendant for such other and further relief as the Court deems just and proper.

Dated: January 28, 2008
      New York, New York

                        LYONS & FLOOD, LLP
                        Attorneys for Defendant
                        MEDITERRANEAN SHIPPING COMPANY S.A.

By:     _Edward P. Flood_____
                        Edward P. Flood (EPF-5797)
                        65 West 36th Street, 7th Floor
                        New York, New York 10018
                        (212) 594-2400

U:\FLOODDOC\2549113\Legal\Answer.doc

## CERTIFICATE OF SERVICE

Edward P. Flood, an attorney duly admitted to practice before this Honorable Court, affirms on this 28th day of January 2008, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid to:

> James Krauzlis, Esq.
> BADIAK & WILL, LLP
> 106 Third Street
> Mineola, NY 11501-4404
> File No: 07-P-007-JK

Edward P. Flood

U:\FLOODDOC\2549113\Legal\Answer.doc

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant and Third-Party Plaintiff
MEDITERRANEAN SHIPPING COMPANY S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY
a/s/o PDM International, LLC,                                          **ECF CASE**

                     Plaintiff,                            07 Civ. 11607 (DLC)

       -against-

MEDITERRANEAN SHIPPING COMPANY S.A.,

                     Defendant.
-------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY S.A.,

                  Third-Party Plaintiff,

       - against -                                   **THIRD PARTY**
                                              **COMPLAINT**

INTEGRATED INDUSTRIES CORP.,

                  Third-Party Defendant.
-------------------------------------------------------------------X

       Defendant and Third-Party Plaintiff, MEDITERRANEAN SHIPPING COMPANY S.A.

("MSC"), by and through its attorneys, Lyons & Flood, LLP, as and for its Third-Party

Complaint against third-party defendant INTEGRATED INDUSTRIES, CORP.

("INTEGRATED") alleges, upon information and belief, as follows:

       1.        This is an admiralty and maritime action within the meaning of Rule 9(h) of the

Federal Rules for Civil Procedure and 28 USC § 1333. This Court also has supplemental

jurisdiction over this action under 28 USC § 1367 because it arises out of the same transaction

and occurrence alleged in the Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

2.      At all material times, MSC was and still is a corporation organized and existing under the laws of a foreign state, with an office and place of business in Geneva, Switzerland.

3.      At all relevant times, MSC was a common carrier by water for hire, operating the M/V MSC YOKOHAMA.

4.      At all material times, INTEGRATED was and still is a company organized and existing under the laws of the State of New Jersey, with a place of business at One Pennval Road, Woodbridge, New Jersey 07095.

5.      Plaintiffs, HARTFORD FIRE INSURANCE COMPANY a/s/o PDM International, LLC ("HARTFORD"), commenced an action against MSC on or about December 27, 2007. (A copy of Plaintiff's Complaint is attached hereto as Exhibit A.)

6.      On January 28, 2008, MSC answered the Complaint denying any and all liability. (A copy of MSC's Answer is attached hereto as Exhibit B.)

7.      The Complaint alleges, *inter alia*, that a shipment of 1,580 cartons of frozen asparagus, being shipped in a 40' reefer container aboard the M/V YOKOHAMA from Callao, Peru to New York, and then from New York to Hart, Michigan via inland trucker under MSC bill of lading MSCUPO285964 dated November 25, 2006 (the "Cargo"), suffered serious damage, shortage and was impaired in value.

8.      MSC contracted with INTEGRATED for inland carriage of the Cargo, and INTEGRATED agreed in consideration of certain freight charges thereupon paid or agreed to be paid, to transport and carry the Cargo from Chicago, Illinois to Hart, Michigan, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to

PDM International, LLC, the consignee and plaintiff's subrogor.

9.    MSC delivered the Cargo to INTEGRATED in good order and condition and INTEGRATED accepted the Cargo in said condition.

10.    On or about January 1, 2007, prior to delivery of the container and cargo to PDM, the container and the Cargo were found abandoned by the Dixmoor Police Department in Chicago, Illinois.

11.    Upon information and belief, the container and the Cargo had been stolen while in INTEGRATED's care and custody.

## AS AND FOR A FIRST CAUSE OF ACTION

12.    MSC repeats and realleges each and every allegation contained in paragraphs 1 through 11 of the Third-Party Complaint with the same force and effect as it fully set forth at length herein.

13.    If the shipments in suit were non-delivered, short, damaged, or lost, which is specifically denied, then the non-delivery, shortage, damage or loss was proximately caused by the fault, omission, negligence, breach of contract or breach of warranty or bailment of INTEGRATED in whole or in part, and not due to any fault, omission, negligence, breach of contract or breach of warranty or bailment on the part of MSC.

14.    If plaintiff is entitled to recover against MSC for matters alleged in the Complaint, then MSC is entitled to recover indemnity or contribution from INTEGRATED for all or a proportionate amount of such sums, if any, so recovered, together with expenses, including attorneys' fees and costs, in defending against plaintiff's action.

15.    If plaintiff is not entitled to recover against MSC, then MSC is entitled to recover indemnity from INTEGRATED for all expenses, including attorneys' fees and costs, that MSC

expends in defending plaintiff's action.

## AS AND FOR A SECOND CAUSE OF ACTION

16.     MSC repeats and realleges each and every allegation contained in paragraphs 1

through 15 of the Third-Party Complaint with the same force and effect as it fully set forth at

length herein.

17.     Any damages sustained by plaintiff, which are denied, were due to the fault,

omission, negligence, breach of contract or breach of warranty or bailment of INTEGRATED,

who should be held directly liable to plaintiff in accordance with Fed. R. Civ. P. 14(c), and

INTEGRATED should be required to indemnify MSC for all sums it may be required to pay,

including the costs of defending this action.

WHEREFORE, Defendant and Third-Party Plaintiff MEDITERRANEAN SHIPPING

COMPANY, S.A. prays:

a.     that INTEGRATED be required to pay to plaintiff such losses as may be proven

and that INTEGRATED be required to indemnify MSC for all of its losses, including legal

expenses; and

b.     that this Court grant such other and further relief as the Court may deem just and

proper.

Dated: January 28, 2008
       New York, New York

LYONS & FLOOD, LLP
Attorneys for Defendant and Third-Party Plaintiff
MEDITERRANEAN SHIPPING COMPANY S.A.

By:     _Edward P. Flood_____

Edward P. Flood (EPF-5797)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

## CERTIFICATE OF SERVICE

Edward P. Flood, an attorney duly admitted to practice before this Honorable

Court, affirms on this 28th day of January 2008, I served true copies of the foregoing, by U.S.

Mail, first-class postage pre-paid, to:

James Krauzlis, Esq.
BADIAK & WILL, LLP
106 Third Street
Mineola, NY 11501-4404
File No: 07-P-007-JK

Edward P. Flood

U:\FLOODDOC\2549113\Legal\Third Party Complaint.doc

– 5 –

# EXHIBIT A

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-P-007-JK



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

HARTFORD FIRE INSURANCE COMPANY
a/s/o PDM International, LLC,

**07 CV 11607**

07 Civ.        (    )

                         Plaintiff,          <u>COMPLAINT</u>

      - against -

MEDITERRANEAN SHIPPING COMPANY S.A.,

                       Defendant.

--------------------------------------------------------------------x

        Plaintiff, HARTFORD FIRE INSURANCE COMPANY, by their attorneys, Badiak, & Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

        1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2.    Plaintiff, Hartford Fire Insurance Company (hereinafter referred to as "Hartford"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States and provided all-risk cargo insurance for the subject shipment hereinafter described, and maintained an office and place of

business at P.O. Box 3122, Naperville, Illinois 60566-7122 and 2 Park Avenue, New York, New York.

3. Plaintiff Hartford has paid the consignee and owner of the shipment mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, MEDITERRANEAN SHIPPING COMPANY S.A., (hereinafter "MSC"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Mediterranean Shipping Company USA, Inc., 420 Fifth Avenue, New York, New York 10018, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. MSC YOKOHAMA as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Callao, Peru, and New York.

5. On or before November 25, 2006, there was shipped by Danper Trujillo S.A.C., as shipper, and delivered to MSC and the M.V. MSC YOKOHAMA, at Callao, Peru, as common carriers, a shipment consisting of One Thousand Five Hundred Eighty (1,580) cartons of frozen asparagus, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges

- 2 -

thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Hart, Michigan, via the Port of New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to PDM International, LLC, the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant MSC numbered MSCUPO285964, dated on or about November 25, 2006.

6. Thereafter the defendant made delivery of the aforementioned shipment ex the vessel MSC YOKOHAMA, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $36,663.19.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $36,663.19, with interest thereon and costs, the sum sued for in this Complaint;

- 3 -

3.    That judgment may be entered in favor of plaintiff Hartford Fire Insurance Company and against defendant Mediterranean Shipping Company, S.A., for the amount of plaintiff's damages, $36,663.19, together with interest and costs and the disbursements of this action; and

4.    That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:    New York, New York
          December 27, 2007

                                      BADIAK & WILL, LLP
                                      Attorneys for Plaintiff,
                                      Hartford Fire Insurance Co.


                                      By: _____
                                          JAMES P. KRAUZLIS (JK-4972)


– 4 –

# EXHIBIT B

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY
a/s/o PDM International, LLC,                          **ECF CASE**

               Plaintiff,                    07 Civ. 11607 (DLC)

      -against-

MEDITERRANEAN SHIPPING COMPANY S.A.,            <u>**ANSWER**</u>

               Defendant.
------------------------------------------------------------------X

      Defendant MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), by its attorneys,

LYONS & FLOOD, LLP, for its Answer to Plaintiff's Complaint, alleges upon information and

belief as follows:

      1.     Admits that this is an admiralty and maritime claim within the meaning of Rule

9(h) with respect to the carriage of the subject cargo by sea, but except as so specifically

admitted herein, denies the remaining allegations of paragraph 1 of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the Complaint.

      4.     Admits that Defendant MSC is a corporation organized and existing under the

laws of a foreign state with an office and place of business c/o Mediterranean Shipping Company

USA, Inc., 420 Fifth Avenue, New York, New York 10018, and was a common carrier by water

for hire, operating the M/V MSC YOKOHAMA in the common carriage of merchandise by water for hire between, among others, the ports of Callao, Peru and New York, but except as so specifically admitted herein, denies the remaining allegations of paragraph 4 of the Complaint.

5.     Admits that Defendant MSC contracted for the carriage of a shipment of 1,580 cartons of frozen asparagus ("subject shipment") from Callao, Peru to Hart, Michigan, via the Port of New York aboard the M/V MSC YOKOHAMA, for delivery to the consignee PDM International, LLC, and admits that MSC issued bill of lading MSCUPO285964 dated November 25, 2006, but except as so specifically admitted herein, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint.

6.     Denies, as worded, the allegations contained in Paragraph 6 of the Complaint.

7.     Denies the allegations contained in paragraph 7 of the Complaint.

8.     Denies Plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

9.     The Complaint fails to state a cause of action upon which relief can be granted against answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

10.     The Plaintiff is not the real party in interest and is not entitled to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

11.     Plaintiff lacks standing to assert this claim.

- 2 -

## FOURTH AFFIRMATIVE DEFENSE

12.     Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third-parties and not by MSC.

## FIFTH AFFIRMATIVE DEFENSE

13.     The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading and applicable tariffs by which the shipper, owner and consignee agreed to be bound, and was also subject to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.* ("COGSA"), and/or the Harter Act, 46 U.S.C. § 190, *et seq.* and/or any other federal, state, or foreign laws and MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein, including all of the terms contained in MSC's bill of lading.

## SIXTH AFFIRMATIVE DEFENSE

14.     The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If Plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per package or customary freight unit, in accordance with the governing tariff and bill of lading, and as set forth in COGSA and/or the Harter Act.

## SEVENTH AFFIRMATIVE DEFENSE

15.     Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments.

Any loss or injury or damage alleged to have been suffered by the shipment was due to neglect, an act or omission, breach of express and implied warranties, breach of bailment or breach of contract on the part of the Plaintiff, shipper, their agents or employees, or due to a cause or causes for which MSC is not liable or responsible by virtue of the provisions of COGSA, the Harter Act, or provisions of the applicable bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

### EIGHTH AFFIRMATIVE DEFENSE

16.    If any loss or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss or damage was caused by or contributed to by the Plaintiff or third-parties, and not by MSC.

### NINTH AFFIRMATIVE DEFENSE

17.    Plaintiff has failed to properly and fully mitigate its damages.

### TENTH AFFIRMATIVE DEFENSE

18.    Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

WHEREFORE, Defendant MSC prays:

a.    that Plaintiff's prayer for relief be denied;

b.    that judgment be entered in favor of Defendant against Plaintiff, dismissing the Complaint herein with costs and disbursements of this action; and

c.    that judgment be entered in favor of Defendant for such other and further relief as the Court deems just and proper.

Dated: January 28, 2008
      New York, New York

                                    LYONS & FLOOD, LLP
                                    Attorneys for Defendant
                                    MEDITERRANEAN SHIPPING COMPANY S.A.

By:         _Edward P. Flood_

                Edward P. Flood (EPF-5797)
                65 West 36th Street, 7th Floor
                New York, New York 10018
                (212) 594-2400

U:\FLOODDOC\2549113\Legal\Answer.doc

## CERTIFICATE OF SERVICE

Edward P. Flood, an attorney duly admitted to practice before this Honorable Court, affirms on this 28th day of January 2008, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid to:

James Krauzlis, Esq.
BADIAK & WILL, LLP
106 Third Street
Mineola, NY 11501-4404
File No: 07-P-007-JK

Edward P. Flood

U:\FLOODDOC\2549113\Legal\Answer.doc

- 6 -